IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAIKEL TORRES, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | NO. 2:21-cv-01771-CCW |
| v. | : | |
| | : | FILED ELECTRONICALLY ON |
| BRANDSAFWAY INDUSTRIES LLC f/k/a | : | FEBRUARY 22, 2022 |
| BRAND ENERGY SERVICES LLC and | : | |
| BRAND ENERGY SERVICES LLC, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**AMENDED CLASS ACTION COMPLAINT**

Daikel Torres ("Plaintiff") brings this class action lawsuit against BrandSafway Industries LLC f/k/a Brand Energy Services LLC (d/b/a "BrandSafway") and Brand Energy Services LLC (collectively "Defendants"), seeking all available relief under the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§333.101, *et seq.* The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others:

**PARTIES**

1. Plaintiff is an adult individual residing at 1302 Midland Beaver Rd., Apt. 6, Industry, PA 15052.

2. According to the Pennsylvania Department of State, Defendants were business entities, organized under the laws of the State of Delaware with a principal place of business at 1515 Market Street #1210, Philadelphia, PA 19102 and a "Current Name" of "BrandSafway Industries LLC." Defendants are and/or were duly authorized to do business in the Commonwealth of Pennsylvania.

1

## JURISDICTION AND VENUE

3.      This Court has personal jurisdiction over Defendants.

4.      According to Defendants' Notice of Removal, this Court has subject matter jurisdiction over this case pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d). *See* Doc. 1 at ¶¶ 12-32.

5.      According to Defendants' Notice of Removal (Doc. 1), venue in this Court is proper pursuant to 28 U.S.C. § 1441(a).  *See* Doc. 1 at ¶ 9.

## FACTS

6.      Shell Polymers, a subsidiary of Shell Oil Company, is building "a more than 380-acre world-scale petrochemical facility in Monaca, PA" (hereafter "the Monaca facility").  *See* https://www.shell.us/business-customers/shell-polymers/why-we-chose-pennsylvania.html

7.      Defendants are companies that employed individuals who are paid an hourly wage to perform work at the Monaca facility (hereafter "Hourly Employees").

8.      Plaintiff was employed by Defendants as an Hourly Employee.  Plaintiff actively worked at the Monaca facility as an Hourly Employee on full-time basis from November 26, 2019 to February 1, 2021.

9.      Hourly Employees typically worked over 40 hours per workweek.

10.      Defendants, as a matter of policy, pays Plaintiff and other Hourly Employees based on the time that transpires between a scheduled start time and a scheduled end time, with a 30-minute meal break deduction.  For example, when Plaintiff was employed on a full time basis, Plaintiff's scheduled start time was typically 6:00 a.m. and Plaintiff's scheduled end time was typically 4:15 p.m.  Such a schedule would result in Plaintiff being paid for 9.75 hours (10.25 hours *minus* 30 minutes).

11.    Plaintiff and other Hourly Employees are required to be at their initial job assignment within the Monaca facility at their scheduled start time. Thus, the compensation policy described in paragraph 10 results in Plaintiff and other Hourly Employees receiving no payroll credit for required work-related activities that arise *before* the scheduled start time. All Hourly Employees at the Monaca facility are assigned parking lots at various sites that require travel to the job site by shuttle bus. Parking at the assigned parking lot is required. At the parking lot, all Hourly Employees are required to swipe a security badge to enter the shuttle bus loading area. This time is recorded for security purposes (but not compensation purposes). Hourly Employees also swipe a security badge upon arrival at the job site. This time is recorded for security purposes, but does not trigger the start of paid time. Uncompensated required activities include, *inter alia*, waiting at an assigned parking lot for a shuttle bus, riding a shuttle bus from the parking lot to the Monaca facility, reporting to an assigned facility/lunch area, obtaining and donning personal protective equipment at the facility/lunch area, and walking or riding a vehicle onsite from the facility/lunch area to the initial job assignment. Until the Hourly Employees arrive at the job assignment location on site by their scheduled start time, no compensation is paid to the Hourly Employees.

12.    The compensation policy described in paragraph 10 also results in Plaintiff and other Hourly Employees receiving no payroll credit for required work-related activities that arise *after* the scheduled end-time. At the end of the work day, all Hourly Employees swipe their security badge to exit the facility prior to boarding buses. This swipe does not always correspond with the end of paid time. Such uncompensated activities generally include, *inter alia*, waiting for and riding the shuttle bus to the assigned parking lot. Also, depending on the distance between the Hourly Employee's last job assignment and the assigned facility/lunch area, such activities can

sometimes include walking from the last job assignment to the assigned facility/lunch area and doffing and storing personal protective equipment at the facility/lunch area.

## CLASS ACTION ALLEGATIONS

13.    Plaintiff brings this action on behalf of the Plaintiff and all Hourly Employees since November 1, 2018.

14.    This action may be properly maintained as a class action pursuant to Federal Rule of Civil Procedure 23.

15.    The class is so numerous that joinder of all individual members is impracticable, and members of the class are objectively ascertainable based on payroll data maintained or controlled by Defendants.

16.    Defendants' conduct with respect to Plaintiff and the class raises questions of law or fact that are common to the entire class.  In particular, Plaintiff challenges the legality under the PMWA of Defendants' company-wide timekeeping, compensation, and payroll practices.  As such, the outcome of this lawsuit will be determined based on the application of common legal principles to a common set of facts.

17.    Plaintiff's claims and Defendants' defenses are typical of the claims or defenses applicable to the entire class because, *inter alia*, all claims are based on the same legal theories and remedies.  Furthermore, Plaintiff's interest in pursuing the PMWA claim is aligned with the interests of the class as a whole and, if successful, the claim will benefit the class as a whole.

18.    Plaintiff will fairly and adequately assert and protect the interests of the class because, *inter alia*, (a) Plaintiff is represented by experienced class action counsel who are well-prepared to vigorously and competently litigate this action on behalf of the class; (b) Plaintiff and Plaintiff's counsel are free of any conflicts of interest that prevent them from pursuing this action

on behalf of the class; and (c) Plaintiff and Plaintiff's counsel have adequate financial resources to assure that the interests of the class will not be harmed.

19.     Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over any questions affecting only Plaintiff and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

**COUNT I**

20.     All previous paragraphs are incorporated as though fully set forth herein.

21.     Defendants are employers covered by the PMWA's mandates.

22.     Plaintiff and other class members are employees entitled to the PMWA's protections.

23.     The PMWA entitles employees to compensation for "all hours worked" in a week. *See* 43 P.S. § 333.104(a).  Such compensable time includes, *inter alia*, all "time during which an employee is required by the employer to be on the premises of the employer," *id.*, and must be paid "regardless of whether the employee is actually performing job-related duties while on the premises," *Heimbach v. Amazon.com, Inc.*, 255 A.3d 191, 2021 WL 3059773, 2021 Pa. LEXIS 3047 (Pa. July 21, 2021).

24.     The PMWA requires that employees receive overtime compensation "not less than one and one-half times" the employee's regular rate of pay for all hours worked over 40 in a workweek.  *See* 43 P.S. § 333.104(c).

25.     Defendants have violated the PMWA by failing to pay Plaintiff and the class any compensation for required activities before their scheduled start time and required activities after their scheduled end time during weeks in which their paid hours equaled or exceeded 40 hours.

43 P.S. §331.104(c) (providing right to overtime premium pay).  *See* 34 Pa. Code § 231.1(b) (defining "Hours worked" under PMWA).  Plaintiff's claim is strictly limited to *statutory* relief available under the PMWA.  As such, he only seeks to recover for work that, if credited by Defendants, would have qualified for overtime premium pay under the PMWA

## JURY DEMAND

Plaintiff demands a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and the Class, seeks the following relief:

A.      Unpaid overtime wages to the fullest extent permitted under the law;

B.      Prejudgment interest to the fullest extent permitted under the law;

C.      Litigation costs, expenses, and attorney's fees to the fullest extent permitted under the law; and

D.      Such other and further relief as this Court deems just and proper.


Date:   February 22, 2022

/s/ Timothy Conboy
Timothy Conboy, Esquire
ConboyLaw, LLC
733 Washington Road, Suite 201
Pittsburgh, PA 15228
(412) 343-9060

/s/ R. Andrew Santillo
Peter Winebrake, Esquire
R. Andrew Santillo, Esquire
Mark J. Gottesfeld, Esquire
Winebrake & Santillo, LLC
715 Twinging Road, Suite 211
Dresher, PA 19025

*Counsel for Plaintiff and the Putative Class*

6

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies subject to the penalty of perjury, that, on this date, the

accompanying document was served on the Defendants by delivering same to Defendants'

counsel identified below via the Court's electronic filing system:


Shelly Pagac, Esq.
Pietragallo Gordon Alfano Bosick & Raspanti, LLP
One Oxford Centre, 38th Floor
Pittsburgh, PA  15219

Theresa Waugh, Esq.
Seyfarth Shaw LLP
121 West Trade Street
Suite 2020
Charlotte, NC  28202

Kevin Young, Esq.
Pierre-Joseph Noebes, Esq.
Seyfarth Shaw LLP
1075 Peachtree Street, N.E.
Suite 2500
Atlanta, GA  30309


Date:  February 22, 2022             /s/ R. Andrew Santillo
                                     WINEBRAKE & SANTILLO, LLC
                                     Twining Office Center, Suite 211
                                     715 Twining Road
                                     Dresher, PA 19025