UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| DAIKEL TORRES, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | NO. 2:21-cv-01771-CCW |
| | : | |
| v. | : | |
| | : | |
| BRANDSAFWAY INDUSTRIES LLC f/k/a BRAND ENERGY SERVICES LLC and BRAND ENERGY SERVICES LLC, | : : : | |
| | : | |
| Defendants. | : | |
| | : | |

**PLAINTIFF'S UNOPPOSED MOTION FOR "PRELIMINARY APPROVAL" OF THE CLASS ACTION SETTLEMENT AND OTHER RELATED RELIEF**

As reflected in the accompanying Class Action Settlement Agreement ("Agreement"), *see* Doc. 46-1,[1] Plaintiff Daikel Torres ("Torres") and Defendants BrandSafway Industries LLC and Brand Energy Services LLC (collectively "Brand") have agreed to settle this lawsuit on behalf of a 1,722-member class of individuals who were employed by Brand to work in a nonexempt, craft construction or maintenance role in any workweek from November 1, 2018 through and including November 7, 2022 at the petrochemical facility located in Monaca, PA. With this Unopposed Motion,[2] Plaintiff seeks Preliminary Approval of the parties' settlement, as detailed in the

---

[1] Counsel for Defendants is in the process of obtaining a signed Agreement from their client. The parties will file a supplement with the Court attaching Defendants' executed signature page once it is obtained.

[2] While Brand does not oppose the requested relief (*i.e.*, preliminary approval of the settlement), its counsel has indicated that Brand continues to deny Torres's claims and material allegations set forth in this lawsuit, as well as the appropriateness of class action treatment for any purpose other than settlement purposes. Stated differently, Brand's non-opposition to the instant motion is non-opposition to the requested relief—i.e., settlement approval—and nothing more. Furthermore, in light of Brand's continued denials of the claims and allegations in this litigation, the parties agree that this motion, the memorandum in support, the Court's anticipated Order thereon, and future filings concerning the settlement of this matter shall not be used or presented as evidence against

accompanying Memorandum of Law in Support, the Proposed Order, and the Agreement itself.

Under the December 1, 2018 amendments to Federal Rule of Civil Procedure ("Civil Rule") 23, the Court "should direct notice in a reasonable manner" to all class members covered by a proposed settlement if the parties demonstrate that, at the post-notice final approval stage, the Court "will likely be able to" (i) give final approval of the settlement under the criteria described in Civil Rule 23(e)(2) and (ii) certify the settlement class. *See* Fed. R. Civ. P. 23(e)(1)(B)(i)-(ii). As discussed in the accompanying brief, notice of the instant settlement should be issued to class members (*i.e.*, the settlement should be "preliminarily approved") because both of these requirements are satisfied.

First, the Court "will likely be able to" give final approval to the settlement under Civil Rule 23(e)(2) because:

> (A) the class representative[] and class counsel have adequately represented the class;
>
> (B) the proposal was negotiated at arm's length;
>
> (C) the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delays of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and
>
> (D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

Second, Torres submits that the Court "will likely be able to" certify the settlement class because the putative settlement class satisfies Civil Rule 23(a)'s four requirements—numerosity,

---

Brand in any proceeding outside of this litigation, except for a proceeding specifically concerning the enforceability of the Agreement.

commonality, typicality, and adequacy of representation—and Civil Rule 23(b)(3)'s two additional requirements that common questions of law or fact "predominate over any questions affecting only individual members" and that "a class action is superior to other available methods for the fair and efficient adjudication of the controversy."

Moreover, the proposed notice form and protocols constitute "the best notice that is practicable" under the criteria described in Civil Rule 23(c)(2)(B). If final approval of the settlement is ultimately obtained, all Class Members who do not personally and timely request to be excluded from the Class should be enjoined from proceeding against the Defendants on the claims in this action and settlement in accordance with the terms of the Agreement.

Finally, the undersigned law firms are qualified to be appointed interim class counsel pursuant to Civil Rule 23(g)(3).

**WHEREFORE**, Torres respectfully asks the Court grant this motion and enter the accompanying proposed order.

Date: December 22, 2022

Respectfully submitted,

/s/ R. Andrew Santillo
Peter Winebrake
R. Andrew Santillo
Mark J. Gottesfeld
Winebrake & Santillo, LLC
715 Twining Road, Suite 211
Dresher, PA 19025

Timothy Conboy
Conboy Law, LLC
733 Washington Road, Suite 201
Pittsburgh, PA 15228

*Proposed Class Counsel*

3