IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAIKEL TORRES,<br><br>    Plaintiff,<br><br>  v.<br><br>BRANDSAFWAY INDUSTRIES LLC,<br>BRAND ENERGY SERVICES LLC,<br><br>    Defendants. | 2:21-CV-01771-CCW |

## **OPINION**

Before the Court is Plaintiff Daikel Torres' Unopposed Motion for Preliminary Approval of a class action settlement between herself and Defendants BrandSafway Industries LLC and Brand Energy Services LLC (collectively "Brand"). For the reasons that follow, the Motion will be GRANTED.

**I.  Background**

On November 1, 2021, Ms. Torres filed a class action complaint in the Court of Common Pleas of Beaver County, Pennsylvania, asserting a single claim against Brand under the Pennsylvania Minimum Wage Act, 43 P.S. § 333.101 *et seq.* ("PMWA"). ECF No. 1-1. The claim centers around Ms. Torres' employment with Brand while Brand was a subcontractor involved in building a petrochemical facility in Monaca, Pennsylvania. *Id.* ¶¶ 5–7. Ms. Torres alleges that, like all Brand employees, she was required to take a shuttle bus from a parking lot to her work site at the Monaca facility. *Id.* ¶ 10. The gist of Ms. Torres' claim is that Brand underpaid Ms. Torres and other employees by failing to count time spent waiting for and riding the shuttle bus towards their compensable working time in violation of the PMWA. *See id.* ¶¶ 10–11.

Brand removed the case to this Court on December 3, 2021. ECF No. 1. Ms. Torres then filed an Amended Complaint largely duplicating the allegations in her state court complaint. *See generally* ECF No. 23. Brand answered Ms. Torres' Amended Complaint, and on April 5, 2022, the Court held an Initial Case Management Conference. ECF Nos. 24, 30. Following the conference, the Court issued a Case Management Order and the case proceeded with discovery. ECF No. 31.

On October 5, 2022, following a mediation session before the Honorable Thomas J. Rueter (Ret.), the parties reached a settlement. *See* ECF No. 47 at 8. The settlement, if approved, would create a $4,500,000 settlement fund, paid out pro rata to 1,722 class members based on the number of weeks worked "as a nonexempt, craft construction or maintenance employee between November 1, 2018 and November 7, 2022." *Id.* at 8–9; ECF No. 48 at 5 (defining "Settlement Share"). Under the agreement, Ms. Torres would receive a $10,000 service award and her counsel would receive attorneys' fees of $1,350,000. ECF No. 48 at 4. On December 22, 2022, Ms. Torres filed the instant unopposed Motion, seeking preliminary approval of the settlement under Federal Rule of Civil Procedure 23. ECF No. 46.

**II.    Standard of Review**

"The claims, issues, or defenses of a certified class—or a class proposed to be certified for purposes of settlement—may be settled . . . only with the court's approval." Fed. R. Civ. P. 23(e). Furthermore, where the settlement would bind class members, "the court may approve [the settlement] only after a hearing and only on finding that it is fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). Accordingly, "when a district court is presented with a class settlement agreement, the court must first determine that the requirements for class certification under Rule 23(a) and (b) are met, and must separately determine that the settlement is fair to the class under

Rule 23(e)." *In re NFL Players Concussion Injury Litig.* ("*NFL II*"), 775 F.3d 570, 581 (3d Cir. 2014) (cleaned up).

Courts in the Third Circuit generally follow a two-step process for approval of class settlements. First, "the parties submit the proposed settlement to the court, which must make 'a preliminary fairness evaluation.'" *In re NFL Players' Concussion Injury Litig.* ("*NFL I*"), 961 F. Supp. 2d 708, 713–14 (E.D. Pa. 2014) (quoting *Manual for Complex Litigation (Fourth)* § 21.632 (2004) ("*MCL*")). At the preliminary approval stage,

> the bar to meet the "fair, reasonable and adequate" standard is lowered, and the court is required to determine whether "the proposed settlement discloses grounds to doubt its fairness or other obvious deficiencies such as unduly preferential treatment of class representatives or segments of the class, or excessive compensation of attorneys, and whether it appears to fall within the range of possible approval."

*NFL I*, 961 F.Supp.2d at 714. According to the United States Court of Appeals for the Third Circuit, there is "an initial presumption of fairness when the court finds that: (1) the negotiations occurred at arm's length; (2) there was sufficient discovery; (3) the proponents of the settlement are experienced in similar litigation; and (4) only a small fraction of the class objected." *In re GMC Pick-Up Truck Fuel Tank Prods. Liab. Litig.* ("*GMC*"), 55 F.3d 768, 785 (3d Cir. 1995).[1]

Even though there is a "strong presumption" in favor of class settlements, *Ehrheart v. Verizon Wireless*, 609 F.3d 590, 594–95 (3d Cir. 2010), "preliminary approval is not simply a judicial 'rubber stamp' of the parties' agreement." *NFL I*, 961 F. Supp. 2d at 714 (citation omitted). As such, "[j]udicial review must be exacting and thorough," *id.* (quoting *MCL* § 21.61), such that

---

[1] At the final approval stage, a more demanding test applies, requiring the Court to examine the so-called *Girsh* factors:

> (1) the complexity and duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining a class action; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement in light of the best recovery; and (9) the range of reasonableness of the settlement in light of all the attendant risks of litigation.

*In re GMC*, 55 F.3d at 785 (citing *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975)).

"[p]reliminary approval is appropriate where the proposed settlement is the result of the parties' good faith negotiations, there are no obvious deficiencies and the settlement falls within the range of reason," *Zimmerman v. Zwicker & Assocs., P.C.*, No. 09-3905 (RMB/JS), 2011 WL 65912, at *2 (D.N.J. Jan. 10, 2011) (citation omitted); *see also*, *In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 534 (3d Cir. 2004) ("In cases such as this, where settlement negotiations precede class certification, and approval for settlement and certification are sought simultaneously, we require district courts to be even 'more scrupulous than usual' when examining the fairness of the proposed settlement." (quoting *GMC*, 55 F.3d at 805)).

If approval of the proposed class settlement is sought contemporaneously with certification of the class—that is, when the parties agree to a class-wide settlement "before the district court has issued a certification order under Rule 23(c)"—then "'the certification hearing and preliminary fairness evaluation can usually be combined.'" *NFL II*, 775 F.3d at 581–82 (quoting *MCL* § 21.632). When doing so,

> [t]he judge should make a preliminary determination that the proposed class satisfies the criteria set out in Rule 23(a) and at least one of the subsections of Rule 23(b). If there is a need for subclasses, the judge must define them and appoint counsel to represent them. The judge must make a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms and must direct the preparation of notice of the certification, proposed settlement, and date of the final fairness hearing.

*Id.* at 582–83 (quoting *MCL* § 21.632) (internal citation omitted). Thus, a district court may provisionally certify a class under Rule 23(e) to facilitate notice to absent class members, fairly and efficiently resolve litigation, and preserve the resources of the court and the litigants, "allow[ing] the parties to forgo a trial on the merits, which often leaves more money for the resolution of claims." *Id.* at 583.

Under Rule 23(e)(1)(B), the Court "must direct notice in a reasonable manner to all class members who would be bound by the proposal," if such notice is justified by a showing that the

4

Court will "will likely be able to: (i) approve the proposal under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal."[2] Rule 23(e)(2) does not "displace any factor," discussed above, "but rather . . . focus[es] the court and the lawyers on the core concerns of procedure and substance that should guide the decision whether to approve the proposal." Fed. R. Civ. P. 23(e)(2) advisory committee's note to 2009 amendment.

### III. Analysis

#### A. The Court Will Preliminarily Approve the Proposed Settlement

For preliminary approval of the proposed settlement, the Court begins with an analysis of the *GMC* factors, which, applied here, demonstrate that the settlement is entitled to a presumption of fairness. First, the settlement occurred only after a mediation before retired Magistrate Judge Rueter of JAMS, which, according to Ms. Torres, lasted until 9:00 p.m., indicating that the settlement is the product of arms-length negotiations. *See* ECF No. 47 at 8; *Bredbenner v. Liberty Travel, Inc.*, Nos. 09-905(MF), 09-1248(MF), 09-4587(MF), 2011 WL 1344745, at *10 (D.N.J. Apr. 8, 2021) ("Participation of an independent mediator in settlement negotiations virtually insures that the negotiations were conducted at arm's length and without collusion between the parties." (cleaned up)). Second, there has been sufficient discovery given that prior to the

---

[2] Under Rule 23(e)(2), a Court may approve a settlement proposal that would bind class members "only after a hearing and only on finding that it is fair, reasonable, and adequate." In evaluating the fairness, reasonableness, and adequacy, the Court must consider whether:

    (A) the class representatives and class counsel have adequately represented the class;
    (B) the proposal was negotiated at arm's length;
    (C) the relief provided for the class is adequate, taking into account:
        (i) the costs, risks, and delay of trial and appeal;
        (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
        (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and
        (iv) any agreement required to be identified under Rule 23(e)(3); and
    (D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

mediation the parties exchanged payroll data and reports including damages models. *Id.* at 7, 12. Third, counsel for Ms. Torres, Timothy Conboy, Esq. and Andrew Santillo, Esq., have significant experience in similar matters under the PMWA and in the wage and hour context more broadly. *See generally* ECF Nos. 46-2, 46-3. The final *GMC* factor—the subset of class members who have objected to the settlement—cannot yet be analyzed. On balance, the *GMC* factors favor preliminary approval, and a presumption of fairness therefore attaches.

The Court further concludes that the settlement is free from any "obvious deficiencies" that indicate that the settlement is not "fair, reasonable, and adequate" under Rule 23(e)(2). Initially, there does not appear to be any unduly preferential treatment of the named plaintiff, Ms. Torres, who is to receive a $10,000 service award. ECF No. 48 at 10. That amount is in line with service awards approved or preliminarily approved in comparable cases. *See, e.g.*, *Brown v. Progressions Behav. Health Servs., Inc.*, No. 16-6054, 2017 WL 2986300, at *7 (E.D. Pa. July 13, 2017); *Myers v. Jani-King of Phila., Inc.*, No. 09-1738, 2019 WL 4034736, at *10 (E.D. Pa. Aug. 26, 2019); *Hall v. Accolade, Inc.*, No. 17-3423, 2020 WL 1477688, at *10 (E.D. Pa. Mar. 25, 2020). Turning to the requested fees, Ms. Torres would earmark $1,350,000 of the total settlement fund for her attorneys. ECF No. 48 at 15. That amount, which is approximately 29% of the total fund, is not so obviously high as to preclude a preliminary finding of fairness at this stage. *See Hall*, 2020 WL 1477688, at *9 (preliminarily approving award of 31% of settlement fund). Having reviewed the proposed settlement, the Court perceives no other deficiencies that are so obvious as to call into question the fairness, reasonableness, or adequacy of the settlement.

Finally, the Court concludes that the settlement appears to fall within the range of possible approval. Based on Ms. Torres' damages models, if successful at trial, the class would recover somewhere between $4,456,078 and $11,695,155. ECF No. 47 at 12–13. Accordingly, the

$4,500,000 settlement fund is between 38.48% and 100.99% of the class' potential recovery in this case. *See id.* at 13. In light of the risks inherent in this litigation, which Ms. Torres has set forth at length in her briefing, the settlement appears to be a reasonable resolution of the PMWA claim. *See Myers*, 2019 WL 4034736, at *9 (approving settlement representing between 20% and 39% of the maximum damages calculations).

In sum, there being "no obvious deficiencies" and the settlement "fall[ing] within the range of reason," *Zimmerman*, 2011 WL 65912, at *2, the Court finds for the purposes of preliminary approval that the proposed settlement appears to be "fair, reasonable, and adequate" pursuant to Rule 23(e)(2).

### B.     The Court Will Provisionally Certify the Rule 23 Class

Turning to provisional certification, Ms. Torres seeks to represent a Rule 23(b)(3) class of 1,722 "individuals employed by Defendants that worked in a nonexempt, craft construction or maintenance role in any workweek from November 1, 2018 through and including November 7, 2022 at the [Monaca petrochemical] Project." ECF No. 48 at 3. For the following reasons, the Court finds provisional certification appropriate under Rules 23(a) and 23(b)(3).

As to Rule 23(a), Ms. Torres must make a preliminary showing of numerosity, commonality, typicality, and that the representatives of the class will "fairly and adequately protect the interests of the class." Ms. Torres has no trouble establishing numerosity—that the class is so large that joinder would be impracticable—given that her proposed class consists of 1,722 members. *See Stewart v. Abraham*, 275 F.3d 220, 226–27 (3d Cir. 2001) (more than forty members generally sufficient for numerosity). Nor do commonality and typicality pose a significant obstacle at this stage. For commonality, Ms. Torres must show that there are "questions of law and fact common to the class," Fed. R. Civ. P. 23(a)(2), which is the case here because all members

share a PMWA claim based on uncompensated time spent, among other things, shuttling between their worksite and parking area, *see Reyes v. Netdeposit, LLC*, 802 F.3d 469, 486 (3d Cir. 2015) ("Commonality does not require perfect identity of questions of law or fact among all class members." (quoting *Wal-Mart Stores, Inc.*, 564 U.S. 338, 359 (2011)). And for typicality, Ms. Torres may show a "strong similarity" between claims and defenses for herself and the class, which she does because all class members are proceeding on the same legal theory under the PMWA. *See In re NFL Players Concussion Injury Litig.*, 821 F.3d 410, 428 (3d Cir. 2016) (internal quotations omitted). Finally, at this stage, there do not appear to be any conflicts of interest and counsel appear to be competent to represent the interests of the class. *See In re Chocolate Confectionary Antitrust Litig.*, 289 F.R.D. 200, 218 (M.D. Pa. 2012) ("According to the Third Circuit, Rule 23(a)(4) adequacy is satisfied by showing that (1) Class Counsel is competent and qualified to conduct the litigation; and (2) class representatives have no conflicts of interests." (citing *New Directions Treatment Servs. v. City of Reading*, 490 F.3d 293, 313 (3d. Cir. 2007)). Accordingly, Ms. Torres has made a preliminary showing that she can satisfy the requirements of a class action found in Rule 23(a).

With respect to Rule 23(b)(3), Ms. Torres must make a preliminary showing that common questions "predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Although similar to the commonality requirement of Rule 23(a), the predominance inquiry is more demanding and a plaintiff must show that "the essential elements of the claims brought by a putative class are capable of proof at trial through evidence that is common to the class rather than individual to its members." *Reinig v. RBS Citizens, N.A.*, 912 F.3d 115, 127–28 (3d Cir. 2018) (internal citation and quotation omitted). Here, that standard is satisfied given that

a trial would turn on common evidence regarding, for example, Brand's timekeeping records and compensation policies. As to superiority, that requirement is met here because resolving the claims of the 1,722 class members in a single case is far fairer and more efficient than doing so in 1,722 individual actions. *In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 533–34 (3d Cir. 2004) ("The superiority requirement asks the court to balance, in terms of fairness and efficiency, the merits of a class action against those of alternative available methods of adjudication." (internal quotation marks omitted)).

Because Ms. Torres has made a preliminary showing that she can satisfy the requirements of Rule 23(a) and 23(b)(3), the Court will provisionally certify a class of the 1,722 "individuals employed by Defendants that worked in a nonexempt, craft construction or maintenance role in any workweek from November 1, 2018 through and including November 7, 2022 at the [Monaca petrochemical] Project." ECF No. 48 at 3.

### C. The Proposed Notice is Reasonable

Finally, the Court considers the parties' plan for the dissemination of notice. Rule 23(e)(1)(B) requires the Court to "direct notice in a reasonable manner to all class members who would be bound by the proposal." Where, as here, the class is to be certified under Rule 23(b)(3), "the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). Under Rule 23, such notice

> must clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

*Id.* After reviewing the materials submitted by Ms. Torres, the Court finds that Ms. Torres' notice plan complies with Rule 23 and will order that notice be given consistent with the notice plan set forth in the settlement agreement.

**IV.     Conclusion**

For the foregoing reasons, the Court will GRANT Ms. Torres' Motion and enter an order: (1) preliminarily approving the settlement; (2) provisionally certifying the class for settlement purposes only; (3) directing notice to be given consistent with Ms. Torres' notice plan; (4) appointing Winebrake & Santillo, LLC and Conboy Law, LLC as class counsel; (5) adopting the opt-out and objections procedures set forth in the settlement; and (6) setting a fairness hearing and associated deadlines.

DATED this 20th day of January, 2023.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record