IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAIKEL TORRES,<br><br>    Plaintiff,<br><br>    v.<br><br>BRANDSAFWAY INDUSTRIES LLC,<br>BRAND ENERGY SERVICES LLC,<br><br>    Defendants. | 2:21-CV-01771-CCW |

**ORDER**

    **AND NOW**, this 14th day of June, 2023, upon consideration of Plaintiff's "Unopposed Motion for Certification of the Settlement Class, Final Approval of the Settlement, and Other Associated Relief" ("Motion") (Doc. 54), the accompanying "Class Action Settlement Agreement" ("Agreement") (Doc. 54-1), the accompanying Declaration of Aisha Lange (Doc. 54-2), the accompanying Declaration of R. Andrew Santillo (Doc. 54-3), the accompanying Affidavit of Timothy Conoy (Doc. 54-4) the accompanying Memorandum of Law (Doc. 55), the representations and arguments of counsel during the June 12, 2023 fairness hearing, and all other papers and proceedings herein, it is hereby **ORDERED** as follows:

    1.    The Court **CERTIFIES A SETTLEMENT CLASS** comprised of the 1,714 individuals who: (i) are listed in Exhibit A to the Agreement; and (ii) have not excluded themselves from the settlement. The Court finds that the settlement class satisfies Federal Rule of Civil Procedure ("Civil Rule") 23(a)'s four requirements – numerosity, commonality, typicality, and adequacy of representation – as well as Civil Rule 23(b)(3) additional requirements that common questions of law or fact "predominate over any questions affecting only individual members" and

that "a class action is superior to other available methods for the fair and efficient adjudication of the controversy."

2.  The settlement requires Defendants BrandSafway Industries LLC and Defendant Brand Energy Services LLC (collectively "Defendants") – which continue to vigorously contest any liability – to pay a total amount of $4,492,170.28 to be distributed as follows: (i) $3,132,170.28 will be paid to the 1,714 Class Members who have not excluded themselves[1] in the amounts described in Exhibit A to the Agreement; (ii) a $10,000.00 service award will be paid to Named Plaintiff Daikel Torres ("Plaintiff"); and (iii) $1,350,000.00 will be paid to class counsel to cover attorney's fees and expenses (including all settlement administration expenses). The Court finds the settlement fund to be "fair, reasonable, and adequate," Fed. R. Civ. P. 23(e)(2), and, therefore **APPROVES** the settlement. This finding is supported by the evidence and arguments presented by Plaintiff in the Motion and accompanying documents and during the June 12, 2023 fairness hearing. In particular, the record establishes that all of the criteria described in Civil Rule 23(e)(2) favor approval.

3.  The Court **APPROVES** the payment of a $10,000.00 service award to Plaintiff.

4.  The Court **APPOINTS** the law firm of Winebrake & Santillo, LLC and Conboy Law, LLC to serve as class counsel. The record demonstrates that these firms are qualified to serve as class counsel under the criteria described in Civil Rule 23(g)(1)(A).

5.  The Court **APPROVES** the payment of $1,350,000.00 to class counsel. As evidenced by the sworn statements of Aisha Lange, R. Andrew Santillo, and Timothy Conboy, $43,373.91 of this amount will reimburse class counsel for litigation expenses (including current

---

[1] Six (6) Class Members (Christopher Carrion Burgos, Bryan Luna, Jose Felix Figueroa Claudio, Mayra Delgado, Marco Delgado, and Thomas De Jesus Acosta) have submitted timely requests for exclusion from the settlement.

and future settlement administration expenses). The remaining $1,304,626.09 will be paid to class counsel as attorney's fees. This fee payment – which amounts to approximately 29.04% of the total $4,492,170.28 settlement fund – falls below the 33.33% percentage of the fund fee awards often approved in wage and hour class/collective action settlements. *See*, *e.g.*, *Copley v. Evolution Well Services Operating, LLC*, 2023 U.S. Dist. LEXIS 23452 (W.D. Pa. Feb. 10, 2023) (Wiegand, J.); *Kapolka v. Anchor Drilling Fluids USA, LLC*, 2019 U.S. Dist. LEXIS 182359 (W.D. Pa. Oct. 22, 2019). In addition, the fee award is supported by the factors described in *Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190, 193 n. 1 (3d Cir. 2000) and *In re Prudential Insurance Company America Sales Practice Litig.*, 148 F.3d 283 (3d Cir. 1998). *See Kapolka*, 2019 U.S. Dist. LEXIS 182359, at *17-18 (listing factors).

6. This action is **DISMISSED WITH PREJUDICE**, although the Court will continue to maintain jurisdiction over the enforcement of the settlement.

7. The Parties having expressly represented to the Court that Defendants continue to deny Plaintiff's and the putative class members' claims and material allegations, this Order, and all other filings, representations, arguments, and other statements set forth in the Unopposed Motion, its supporting documents, and future filings concerning the settlement of this matter shall not be used or presented as evidence against Defendants in any proceeding outside of this litigation, except for a proceeding specifically concerning the enforceability of the Agreement.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record